# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-782-RJC

| | |
|---|---|
| KENNETH FULLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| CHARLOTTE-MECKLENBURG ) | |
| POLICE DEPARTMENT, C.P. EUBANKS, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), and on Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2). Having conducted an initial review of the Complaint as required by 28 U.S.C. § 1915, the Court will grant Plaintiff's Motion to Proceed in Forma Pauperis, and the Court will further order Plaintiff to provide more information to the Court to determine whether the Complaint must be dismissed as barred by the principles in Heck v. Humphrey, 512 U.S. 477 (1994). The Court will also dismiss the Charlotte-Mecklenburg Police Department as a Defendant, leaving C.P. Eubanks as the sole Defendant.

**I.  FACTS**

On November 21, 2012, pro se Plaintiff Kenneth Fuller, a state court inmate currently incarcerated at Hoke Correctional Institution in Raeford, North Carolina, filed the instant Complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that his federal constitutional rights were violated when an officer with the Charlotte-Mecklenburg Police Department lied about seizing drugs that were allegedly in Plaintiff's possession. Specifically, Plaintiff alleges in the Complaint:

> On April 20, 2011 after the illegal entry of 2425 Statesville Ave. Apt. F-105, Charlotte, NC. Officer C.P. Eubanks #2307 lied about seizing narcotics he claimed

-1-

were found in my possession. With all the proper evidence, statements and photographs and him excepting [sic] responsability [sic] under oath on record in Superior Court with the Honorable Judge Linwood Faust present to placing narcotics in a numerous of locations and taking photos. (The staging of a crime scene, the tampering of evidence.) I've been subject to many violations of my constitutional rights as a citizen of the United States. I will be capable of proving such facts.

(Doc. No. 1 at 4). As relief, Plaintiff seeks "judicial justice and financial compensation." (Id.).

The Court first addresses Plaintiff's Motion to Proceed in Forma Pauperis. In support of the motion, Plaintiff has submitted a financial affidavit, in which he attests that he has no monthly income, no monthly expenses, and is currently incarcerated. See (Doc. No. 2). The Court is satisfied that Plaintiff lacks sufficient funds with which to pay the filing fee. Therefore, the Court will grant Plaintiff's Motion to Proceed in Forma Pauperis.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

### A. Charlotte-Mecklenburg Police Department

First, as to the Defendant Charlotte-Mecklenburg Police Department, the police department is not a distinct legal entity capable of being sued. See Moore v. City of Asheville, N.C., 290 F. Supp. 2d 664, 673 (W.D.N.C. Nov. 13, 2003) ("[U]nder North Carolina law, the [Asheville Police Department] . . . lacks the capacity to be sued."), aff'd, 396 F.3d 385 (4th Cir. 2005). Therefore, Plaintiff's claim against Charlotte-Mecklenburg Police Department is dismissed.

### B. C.P. Eubanks

Next, Plaintiff has named Charlotte-Mecklenburg police officer C.P. Eubanks as a Defendant. As noted, Plaintiff alleges in the Complaint that Defendant Eubanks lied about seizing narcotics that he claimed were found in Plaintiff's possession. Plaintiff alleges that Eubanks has admitted in state court that he planted drugs and tampered with evidence in cases that he investigated. In Heck v. Humphrey, 512 U.S. 477 (1994), the U.S. Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not

> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added).

Plaintiff does not allege in the Complaint whether he was convicted on drug possession charges as a result of Defendant Eubank's alleged planting of evidence. Plaintiff also has not alleged in his Complaint whether any such underlying conviction has been reversed or otherwise invalidated. From the face of the Complaint, the Court cannot discern whether this action is barred by the principles in Heck v. Humphrey. Therefore, the Court will require Plaintiff to submit a statement to the Court explaining whether he was convicted of drug possession based on the alleged unconstitutional conduct of Defendant Eubanks and, if so, whether the conviction has been reversed or otherwise invalidated. Plaintiff shall also clarify in his statement to the Court which specific constitutional rights were allegedly violated.

### IV. CONCLUSION

Having conducted a preliminary review of the Complaint in accordance with 28 U.S.C. § 1915(e)(2), the Court will require Plaintiff to submit a statement to the Court explaining whether he was convicted of drug possession based on the alleged unconstitutional conduct of Defendant Eubanks and, if so, whether the conviction has been reversed or otherwise invalidated. Plaintiff shall also clarify in his statement to the Court which specific constitutional rights were allegedly violated. The Court will further dismiss the Charlotte-Mecklenburg Police Department as a Defendant.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED**.

(2) Within twenty (20) days of entry of this Order, Plaintiff shall submit a statement to

the Court explaining whether he was convicted of drug possession based on the alleged unconstitutional conduct of Defendant Eubanks and, if so, whether the conviction has been reversed or otherwise invalidated. Plaintiff shall also clarify in his statement to the Court which specific constitutional rights were allegedly violated by Defendant Eubank's conduct.

(3)   The Court dismisses the Charlotte-Mecklenburg Police Department as a Defendant.
.

Signed: November 28, 2012

Robert J. Conrad, Jr.
Chief United States District Judge