**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-782-RJC**

| | |
|---|---|
| KENNETH FULLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| CHARLOTTE-MECKLENBURG ) | |
| POLICE DEPARTMENT, C.P. EUBANKS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Adjournment of Civil Complaint or in the Alternative a Continuance until 12/05/2013, (Doc. No. 6). The Court construes the motion as a motion for voluntary dismissal under Rule 41 of the Federal Rules of Civil Procedure or, alternatively, for a stay of this action.

On November 21, 2012, pro se Plaintiff Kenneth Fuller, a state court inmate currently incarcerated at Hoke Correctional Institution in Raeford, North Carolina, filed the instant Complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that his federal constitutional rights were violated when Charlotte-Mecklenburg police officer Defendant C.P. Eubanks lied about seizing drugs that were allegedly in Plaintiff's possession following an illegal entry into Plaintiff's residence. Plaintiff alleges that the constitutional violation occurred on April 20, 2011.

On November 28, 2012, the Court granted Plaintiff's application to proceed in forma pauperis, dismissed the Charlotte-Mecklenburg Police Department as a Defendant, and ordered Plaintiff to submit a statement to the Court explaining whether he was convicted of drug

-1-

possession based on the alleged unconstitutional conduct of Defendant Eubanks and, if so, whether the conviction has been reversed or otherwise invalidated. See (Doc. No. 4). The Court further ordered Plaintiff to clarify in his statement to the Court which specific constitutional rights were allegedly violated.

On December 17, 2012, Plaintiff filed the pending motion. Plaintiff states that he seeks that this matter "be adjourned for adequate time in obtaining a civil attorney to take care of this civil complaint" unless the Court appoints one to represent him. (Doc. No. 6 at 1). Plaintiff further states that, alternatively, he asks for a continuance in the matter until December 5, 2013.

The Court first finds that, to the extent that Plaintiff is seeking for the court to appoint any attorney to represent him, the request is denied. Next, the Court will dismiss, rather than continue, this action.[1] The dismissal will be without prejudice to Plaintiff to refile this action at a later date. Plaintiff **is advised**, however, that the applicable statute of limitations will continue to run on any claims that he may have arising out of the allegations in the Complaint.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Adjournment of Civil Complaint or in the Alternative a Continuance until 12/05/2013, (Doc. No. 6), is **GRANTED**, and this action is dismissed without prejudice.

2. The Clerk is instructed to terminate this action.

Signed: June 6, 2013

Robert J. Conrad, Jr.
United States District Judge

---

[1] Plaintiff could have filed a Notice of Dismissal without a Court order. See FED. R. CIV. P. 41(a)(1)(A)(i).